UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTYN STACK,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DeANGELO BROTHERS, LLC,<br><br>    Defendant. | Civ. A. No. 1:17-cv-11006-RWZ |

# JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## INTRODUCTION & PROCEDURAL HISTORY

Plaintiff Justyn Stack ("Plaintiff") and Defendant DeAngelo Brothers, LLC ("Defendant" and collectively with the Plaintiffs, the "Parties"), together submit this Joint Motion for Final Approval of Class Action Settlement. For settlement purposes only, the Parties hereby move the Court for final approval of the proposed class action settlement ('the Settlement") as set forth in the Parties' Settlement Agreement ("Settlement Agreement"), see docket no. 27, that was preliminarily approved by the Court on April 11, 2018. See docket no. 28.

The Court's April 11, 2018 preliminary approval order:

1) Granted preliminary approval of the Settlement in this matter;

2) For the purposes of settlement, found that the prerequisites of Fed. R. Civ. P. 23 were established;

3) Approved the form and content of, and directed the distribution of, the proposed Class Notice and Claim Form; and

1

4) Appointed the Plaintiff as Settlement Class Representative and counsel for Plaintiffs and Settlement Class Counsel;

Id.

The Settlement Agreement is now subject to final approval by the Court. In accordance with the Court's Preliminary Approval Order, Class Notice was sent by first class mail to the last known address of all Settlement Class Members, advising them of the final approval hearing and how their rights may be affected by the proposed settlement. The Class Notice advised all Class Members of the fact and the scope of the settlement, as well as the individual settlement amount each Class Member is to receive. It disclosed the fact that the Plaintiff would, at the time of the final approval hearing, request that the Court award attorney's fees and costs not to exceed $70,000, as well as an $8,000 incentive award for the named Plaintiff. The Class Notice advised Class Members of their right to object or opt out of the Settlement, and the manner for them to do so. It also advised Class Members how they could receive more information regarding any questions they had about the Settlement. The Class Notice informed Class Members that any Class Member who accepts payment will be deemed to have released the Defendant from the claims advanced by the Plaintiff in the case.

During the notice period, Class Notice was successfully sent to all Class Members except for one individual.[1] No Class Members objected to or opted out of the Settlement.

The Settlement Agreement reflects a compromise of the Parties' positions for the purpose of resolving, without further litigation, all issues and claims relating to the allegations made in this Action on behalf of all Class Members. As demonstrated below, the Settlement Agreement

---

[1] The Class Notice sent to Class Member Justin Langlois was returned undeliverable. Plaintiff's counsel made several attempts to contact Mr. Langlois via phone, and left him voicemails at the number provided by Defendant. Mr. Langlois' share of the settlement is $743.51, which represents only .0059% of the total class settlement.

negotiated by the Parties is fair, adequate and reasonable, and provides substantial benefits to the Class Members. The Parties request that the proposed final approval order attached as Exhibit A be entered. The order will fully dispose of this matter.

## LEGAL ARGUMENT

### I.    The Settlement Agreement Should Be Finally Approved by the Court

By their Motion, the Parties seek final approval of the Settlement Agreement. "While settlement and compromise are favored by the law, the court has a fiduciary duty to absent members of the class in light of the potential for conflicts of interest among class representatives and class counsel and the absent members." In re Lupron Marketing and Sales Practice Litigation, 228 F.R.D. 75, 93 (D. Mass. 2005). "Approval is to be given if a settlement is untainted by collusion and is fair, adequate, and reasonable." Id. "'When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement.'" Id. (citing City P'ship Co. v. Atl. Acquisition Ltd. P'ship, 100 F.3d 1041, 1043 (1st Cir. 1996)).

### II.    The Settlement is Fair, Reasonable and Adequate.

Courts in the First Circuit have looked to the following factors when determining the fairness of a settlement:

> (1) [the] risk, complexity, expense and duration of the case; (2) comparison of the proposed settlement with the likely result of continued litigation; (3) reaction of the class to the settlement; (4) stage of the litigation and the amount of discovery completed; and (5) quality of counsel and conduct during litigation and settlement negotiations.

In re Celexa and Lexapro Marketing and Sales Practices Litigation, 2014 WL 4446464, *5 (D.Mass. 2014) (citing In re Tyco Int'l Ltd. Multidistrict Litig, 535 F.Supp.2d 259, 259-260 (D.N.H. 2007)).

This Action has been litigated for one year, has been thoroughly investigated as a result of the Parties completing the majority of all necessary discovery, and has been thoroughly vetted at mediation by a skilled and experienced mediator. Each class member will receive approximately 100% of their single damages based on individualized calculations that take into account the exact number of days that each class member traveled to various job sites, and each Class Member's specific shop rate during the Class Period.[2] Settlement of class claims for approximately 100% of the single damage amount is fair and reasonable when taking into account the substantive defenses that Defendant intends to raise if the matter continues to be litigated. These defenses include, but are not limited to, arguments to the effect that the company had no requirement that its employees report to the company office in Taunton at the beginning and end of each day, that many employees did in fact report directly from their homes to job sites and not to the company office on many days during the Class Period, and that any class member travel time was performed before or "after the completion of the . . . employees' principal activity" rendering such time non-compensable. See Local 589, Amalgamated Transit Union v. MBTA, 94 F. Supp. 3d 47, 54 (D. Mass 2015).

Further, Plaintiff's counsel will request, in their fee application submitted in conjunction with this final approval motion, that the Court award them attorneys' fees and costs in the amount of $70,000, which will be paid by the Defendant in addition to the class settlement amount, and so Plaintiff's counsel will not seek any fee out of the funds to be paid to the class members.

---

[2] The 100% of single damages that each class member will be receive will only be slightly reduced by the $8,000 incentive award that the Plaintiff will ask the Court to award him for his diligent service to the class that will be apportioned across all class members. On average, this will only reduce each class member's share of the class settlement by $320.

Each component described above was the result of arm's-length negotiations, conducted by experienced counsel for the Parties, after relevant calculations were performed for every class member and the class as a whole.  Plaintiff is represented by counsel who has significant experience (and success) in prosecuting (and settling) class wage and hour claims.  Defendant, similarly, is represented by counsel with considerable experience (and success) in defending (and settling) class wage and hour litigation. The amount to be distributed to each class member is based on individualized damage calculations performed by the Parties. This amount is a reasonable and fair settlement relative to the claims asserted, and is particularly fair and reasonable given the inherent risks of continued litigation.

The claims administration procedure was designed to assure all Settlement Class Members' equal and sufficient due process rights.  Continued litigation would be long, complex, expensive, and a burden to Court dockets, and would present risks to both sides of a less favorable outcome.  See Lake v. First National Bank, 900 F. Supp. 726 (E.D. Pa. 1995) (expense and duration of litigation are factors to be considered in evaluating the reasonableness of a settlement); Weiss v. Mercedes-Benz of N Am. Inc., 899 F. Supp. 1297 (D.N.J. 1995) (burden on crowded court dockets to be considered).

The proposed Settlement Agreement does not unduly grant preferential treatment to the named Plaintiff (although he is proposed to be paid an Incentive Award well within the parameters accepted in this Court and in consideration for the work he performed while this Action was litigated), and it does not provide excessive compensation to counsel. Class Counsel will separately file its Application for Award of Attorney's Fees, Expenses and Incentive Payments.

## **CONCLUSION**

For the foregoing reasons, and for settlement purposes only, the Parties respectfully request that this Court enter the Final Approval Order, attached as Exhibit A.

Respectfully submitted,

| | |
|---|---|
| JUSTYN STACK, individually and on behalf of all others similarly situated | DEANGELO BROTHERS, LLC, |
| By his Attorney | By its Attorneys |
| */s/ Adam J. Shafran* | */s/ Cheryl B. Pinarchick* |
| Adam J. Shafran (BBO#670460) | Cheryl B. Pinarchick (BBO# 636208) |
| Jonathon D. Friedmann (BBO#180130) | Joshua D. Nadreau (BBO# 688970) |
| Rudolph Friedmann LLP | FISHER & PHILLIPS LLP |
| 92 State Street | 200 State Street, 7th Floor |
| Boston, MA  02109 | Boston, Massachusetts 02109 |
| Tel:  617-723-7700 | Tel: (617) 722-0044 |
| Fax: 617-227-0313 | Fax: (617) 532-5899 |
| *ashafran@rflawyers.com* | *cpinarchick@fisherphillips.com* |
| *jfriedmann@rflawyers.com* | *jnadreau@fisherphillips.com* |

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, do hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 22, 2018.

/s/ Adam J. Shafran
Adam J. Shafran